IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BRADLEY SHIELDS,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**OLAM ADVISERS INC.,**<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Bradley Shields ("Plaintiff Shields" or "Shields") brings this Class Action Complaint and Demand for Jury Trial against Defendant Olam Advisers Inc., doing business as Effective Funding ("Defendant" or "Effective Funding"), to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited calls to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Shields, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1. Plaintiff Shields is a resident of Washington, Utah.

2. Defendant Effective Funding is a Florida corporation, headquartered in Boca Raton, Florida. Defendant conducts business throughout Florida and other parts of the US.

1

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant is headquartered in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is located in this District and directed the violative conduct from this District to the Plaintiff.

**INTRODUCTION**

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.8 billion robocalls were placed in March 2025 alone, at a rate of 155.0 million per day. www.robocallindex.com (last visited April 27, 2025).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

**COMMON ALLEGATIONS**

14. Olam Advisers Inc. operates using the d/b/a Effective Funding:

**Fictitious Name Detail**

**Fictitious Name**
EFFECTIVE FUNDING

**Filing Information**
Registration Number  G23000043653
Status               ACTIVE
Filed Date           04/05/2023
Expiration Date      12/31/2028
Current Owners       1
County               MIAMI-DADE
Total Pages          1
Events Filed         NONE
FEI/EIN Number       NONE

**Mailing Address**
300 HARBOR CT
MIAMI, FL 33149

**Owner Information**
OLAM ADVISERS INC
2730 SW 3RD AVENUE
MIAMI, FL 33129
FEI/EIN Number: 85-0498558
Document Number: P20000023544    [3]

15. Effective Funding provides capital to businesses throughout the US.[4]

16. Defendant place calls, or cause calls to be placed, through Effective Funding to solicit its business funding solutions.

17. Defendant engages in placing cold calls to generate business, as per this Linkedin job description from Salvatore LaMastra, who was a sales broker:

---

[3] https://dos.sunbiz.org/scripts/ficidet.exe?action=DETREG&docnum=G23000043653&rdocnum=G23000043653

[4] https://effectivefunding.com/

4





18. Defendant place telemarketing calls to consumer phone numbers that are registered on the DNC, as per Plaintiff's experience.

19. The calls that Defendant place to consumer phone numbers are solicitations.

---

[5] https://www.linkedin.com/in/salvatore-lamastra-796049358/

5

20. Complaints have been posted online about unsolicited calls that have been received from Effective Funding, including complaints from consumers who received calls despite informing Defendant that it was calling a personal number, such as:

- "Please stop calling and leaving a message on my answering machine! I am on the DO NOT CALL and it is very annoying to receive 2 messages every day regarding your services. Will report you"[6]
- "These people WILL NOT stop calling me. Left me ten voicemails yesterday and a few more today. I finally called and said to remove me from the calling list. I never signed up for this in the first place. The man was very rude and hung up on me when I nicely asked to PLEASE be removed from their calling list."[7]
- "This business keeps calling me and harassing me its very suspicious. I let them know they have the wrong number and they continue to call. They have texted me personal information of the person they are looking for. Its extremely annoying because they keep calling from different numbers and the business doesnt even seem legitimate."[8]

21. In response to these phone calls, Plaintiff Shields brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF SHIELDS' ALLEGATIONS

22. Plaintiff Shields is the sole owner and user of his cell phone number ending in 7112.

23. Plaintiff Shields registered his cell phone number on the DNC on February 9, 2016.

24. Plaintiff Shields uses his cell phone number for personal use only as one would use a landline telephone number in a home. Such use includes speaking to family and friends.

25. Plaintiff Shields's cell phone number is not associated with a business and is not used for business-related purposes.

---

[6] https://www.trustpilot.com/review/effectivefunding.com
[7] Id.
[8] https://www.bbb.org/us/fl/boca-raton/profile/business-loans/effective-funding-0633-92043227/complaints

6

26. Plaintiff Shields pays for the use of his cell phone personally. It is not reimbursed by a business.

27. On March 24, 2025 at 12:32 PM, Plaintiff Shields received an unsolicited call to his cell phone from 385-218-6315.

28. When Plaintiff Shields answered this call, an employee said that he was calling from Effective Funding to offer a quote on business funding.

29. Plaintiff Shields told the employee that his cell phone number is registered on the DNC and that he does not require business funding.

30. The employee insisted on providing a funding quote, so Plaintiff told him to stop calling and ended the call.

31. At 12:37 PM on March 24, 2025, Plaintiff Shields received a 2nd unsolicited call to his cell phone from 385-218-6315.

32. When Plaintiff answered the call, the same employee that he had spoken to previously was upset about being hung up on, and again insisted on providing a business funding quote.

33. Plaintiff Shields told the employee to stop calling again. In response, the employee became abusive and insulting.

34. The unauthorized solicitation calls that Plaintiff received from the Defendant have harmed Plaintiff Shields in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

35. Seeking redress for these injuries, Plaintiff Shields, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

36. Plaintiff Shields brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Effective Funding called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

37. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Shields anticipates the need to amend the Class definition following appropriate discovery.

38. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

8

    (a)    whether Effective Funding placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

    (b)    whether the calls constitute a violation of the TCPA;

    (c)    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40. **Adequate Representation**: Plaintiff Shields will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Shields has no interests antagonistic to those of the Class, and the Defendant have no defenses unique to Plaintiff. Plaintiff Shields and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Shields nor his counsel have any interest adverse to the Class.

41. **Appropriateness**: This class action is also appropriate for certification because the Defendant have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Shields. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from

Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Shields and the Do Not Call Registry Class)

42. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

43. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

44. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

45. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Shields and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

46. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Shields and the Do Not Call Registry Class received more than one call in a 12-month period made by the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

47. As a result of Defendant's conduct as alleged herein, Plaintiff Shields and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

48. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Shields requests a jury trial.

**BRADLEY SHIELDS**, individually and on behalf of all others similarly situated,

DATED this 22nd day of May, 2025.

By: /s/ *Stefan Coleman*

Stefan Coleman
COLEMAN PLLC
18117 Biscayne Blvd
Suite 4152
Miami, FL 33160
(877) 333-9427
law@stefancoleman.com

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*
